# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1240 | **DATE** | 8/18/2004 |
| **CASE TITLE** | McAfee vs. American Warehousing Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Defendant's motion to dismiss (7-1) is granted as to count I and granted in part and denied in part as to counts II and III. Defendant's motion for summary judgment (7-2) is denied. Discovery is ordered closed on 2/28/05. Pretrial order will be due by 3/30/05; and response to any motions in limine by 4/24/05. Pretrial conference set for 4/22/05 at 3:00 p.m. and trial set for 5/2/05 at 9:30 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 19 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 8/18/2004 | |
| MPJ | courtroom deputy's initials | 2004 AUG 18 PM 4:16 Date/time received in central Clerk's Office | date mailed notice MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELLE McAFEE, )
)
Plaintiff, )
)
v. )
) No. 04 C 1240
AMERICAN WAREHOUSING SERVICES, )
INC., )
)
Defendant. )

**DOCKETED**
**AUG 1 9 2004**

## MEMORANDUM OPINION AND ORDER

Beginning on August 13, 2001, plaintiff Michelle McAfee, an African-American female, was employed by defendant American Warehousing Services, Inc. ("AWS") as an order picker at its facility in Romeoville, Illinois. On January 3, 2002, Ms. McAfee, along with a number of African-American co-workers of both genders, filed charges with the Equal Employment Opportunity Commission ("EEOC") alleging racial discrimination at the facility. Specifically, Ms. McAfee's charge stated that her white supervisors were rude to her and called her names, while they were not rude or sarcastic to white order pickers. Further, Ms. McAfee alleged that one of the white male pickers "bumped into [her] with his pallet and called [her] names." Ms. McAfee's employment with AWS ended on April 1, 2002. On June 26, 2002, the EEOC issued Ms. McAfee a right-to-sue letter stemming from her January charge. In September 2002, Ms. McAfee filed a timely *pro se* complaint against AWS in this court alleging discrimination on the basis of her color, race, and sex. Simultaneously, on September 25, 2002, Ms. McAfee filed an additional EEOC charge against AWS alleging both retaliation and race discrimination. This charge included allegations of racial graffiti and remarks in the workplace, "having a non-Black co-worker escalate his assaults against me," and



derogatory comments by managers regarding Ms. McAfee's previous EEOC charge, resulting in her constructive discharge on April 1. Ms. McAfee's first lawsuit against AWS was dismissed without prejudice by Judge Pallmeyer on March 4, 2003 after Ms. McAfee failed to appear for the fourth consecutive court date. On July 7, 2003, Ms McAfee filed an amended version of her September 2002 charge with the EEOC. This amended version was identical to the previous version except that Ms. McAfee checked a box indicating sex discrimination and added a sentence stating that she had been discriminated against due to her sex. The EEOC issued a second right-to-sue letter based on the second charge on November 26, 2003. Ms. McAfee filed the instant complaint against AWS[1] with the aid of counsel on February 18, 2004. The complaint alleges sex discrimination (Count I), race discrimination (Count II), and retaliation (Count III). AWS moves to dismiss the complaint in its entirety or, in the alternative, for summary judgment. I GRANT the motion to dismiss as to Count I and GRANT it in part and DENY it in part as to Counts II and III.

On a motion to dismiss, I accept all allegations in the complaint as true and grant the motion only if the plaintiff can prove no set of facts to support her claim. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). Count I fails because it is apparent that Ms. McAfee did not exhaust her administrative remedies. The first notice the EEOC had of alleged gender-related discrimination by AWS was Ms. McAfee's amended charge filed in July 2003, more than a year after she stopped working for AWS. As the alleged discrimination must have occurred during her employment, this amendment was not timely. Ms. McAfee argues that the timing of this amendment should relate back to the filing of the charge in September 2002, but the law in this circuit is clear

---

[1] The original complaint also named Gillette Co. as a defendant; the parties agreed to drop Gillette from the suit.

2

that such relating back is appropriate only where the allegations added in the amended charge are reasonably related to those in the first and grow out of such allegations. *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998). Additional facts or occurrences of the discrimination already complained of meet this standard; additional theories of legal liability do not. *Id.* Thus, Ms. McAfee's allegation that she was discriminated against on the basis of gender does not grow out of the allegation that she was discriminated against on the basis of race, the amendment does not relate back, and the count must be dismissed because the EEOC did not have a timely opportunity to investigate the allegation. *See id.* at 576 (stating that to hold otherwise "would eviscerate the administrative charge filing requirement altogether and frustrate the purposes of the administrative scheme").

I am not convinced by Ms. McAfee's argument that the implication of sexual harassment was somehow inherent in the charge prior to amendment because she identified one of the culprits as a male co-worker who "assaulted" her. The assault of a female by a male worker does not lead to the conclusion that sexual harassment occurred. Depending on context, the assault might be racial, age-based, disability-based, or motivated by simple personal animus. Racial and sexual harassment are separate federal causes of action, and the EEOC must be given the opportunity to investigate each before this court may grant relief.

While she did not allege sex discrimination, Ms. McAfee did allege racial discrimination and retaliation in her timely September 2002 EEOC charge and then filed this suit within 90 days of receiving notice of her right to sue. AWS argues that these claims are time-barred because the substance of the allegations in the present lawsuit duplicate those in her first suit. There is no question that Ms. McAfee's right to sue has been extinguished as to the discrimination complained

of in her first EEOC charge and first lawsuit; she had a full and fair opportunity to litigate that claim, and the fact that she lacked the knowledge to do so successfully *pro se* does not prevent the statute of limitations from operating. However, her first EEOC charge in January 2002 necessarily referred to discrimination which occurred prior to that date. Any discrimination or retaliation that took place between January and the end of her employment in April was not reported in the January charge, not covered by the EEOC's initial right-to-sue letter, and thus not at issue in the previous lawsuit. As to new discrimination which occurred after January, then, Ms. McAfee did not receive a right-to-sue letter, and thus the statute of limitations did not begin to run, until November 26, 2003. The result is that Counts II and III are not time-barred insofar as they allege racial discrimination and retaliation that took place after January 3, 2002.

The motion to dismiss argues against application of the "continuing violation" theory; while Ms. McAfee does not press the theory, I will address it for clarity's sake. This theory allows a plaintiff to recover for actions that occurred outside the limitations period by linking it as a continuous process with actions that took place within the limitations period. *Place v. Abbott Labs.*, 215 F.3d 803, 807 (7th Cir. 2000). However, this theory applies only when the discriminatory character of the acts that occurred outside the limitation period did not become apparent until they were repeated within the limitation period. *Id.* That is obviously not the case here; Ms. McAfee had to have been aware of the discriminatory character of the acts that occurred in 2001 because she filed an EEOC charge alleging exactly that.

AWS argues that the facts Ms. McAfee pleads in the complaint support primarily a charge of sexual harassment, not racial harassment. It is true that the complaint contains allegations both sexual and racial in nature, and that some of the incidents recited occurred prior to January 3, 2002.

4

However, no date is provided for other alleged incidents which might have occurred after that date. Furthermore, unless Ms. McAfee pleaded herself out of court by claiming that all the discrimination took place in 2001, an absence of detailed facts is not fatal at this stage. If she had merely alleged that she had been discharged because of her race, this would be sufficient to state a claim. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

I decline to treat AWS' motion as a motion for summary judgment as to Counts II and III because AWS has filed no statement of facts as required by Local Rule 56. If I did so treat it, however, the motion would be denied, because I simply do not have enough information before me to determine that no genuine issue of material fact remains on Counts II and III.

**ENTER ORDER:**

Elaine E. Bucklo
United States District Judge

Dated: August 18, 2004